IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Charlie L. Jones, | ) | C/A No. 3:18-2618-MGL-PJG |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| The State of South Carolina, | ) | |
| Defendant. | ) | |

The plaintiff, Charlie L. Jones, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Previously, the court summarily dismissed this matter for lack of subject matter jurisdiction. (ECF No. 31.) However, Plaintiff filed a motion to amend the Amended Complaint. The court granted the motion, ordered the Clerk of Court to docket the proposed second amended complaint, and recommitted this matter to the assigned magistrate judge for evaluation of the new pleading. (ECF No. 36.) Having reviewed the Second Amended Complaint (ECF No. 37) in accordance with applicable law, the court concludes this matter should be summarily dismissed with prejudice and without issuance and service of process.

**I.    Factual and Procedural Background**

In his previous complaints, Plaintiff alleged that various insurance-related businesses canceled his insurance policy and prevented him from receiving payment for an insurance claim. Plaintiff also alleged his rights were violated in a lawsuit filed in a South Carolina circuit court, apparently relating to his insurance dispute.

PJG

In the Second Amended Complaint, Plaintiff expressly seeks damages against the State of South Carolina pursuant to 42 U.S.C. § 1983. (2d Am. Compl., ECF No. 37 at 3-4.) Plaintiff claims that on June 5, 2017, the State of South Carolina acted unlawfully in violation of the Equal Protection and Due Process Clauses. (Id. at 4.) Plaintiff claims that the "damages has not and cannot be repaired to plaintiff's property without compensation" as a result of the October 2015 flood in South Carolina. (Id.) Plaintiff also claims that the Honorable R. Ferrell Cothran, Jr. of the South Carolina State Circuit Court granted summary judgment to unidentified defendants without requiring the defendants to present any exhibits.[1] (Id. at 5-6.) [2]

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Second Amended Complaint. The Second Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1] The "defendants" appear to refer to the originally-named defendants in this action—the insurance related businesses previously referenced.

[2] Plaintiff filed a "motion to amend to conform to the evidence" in which he reiterates that he seeks relief under 42 U.S.C. § 1983 for constitutional violations. (ECF No. 40.) Plaintiff also moved to join Judge Cothran as a defendant to this action. (ECF No. 41.) The court finds these motions are moot based on the court's recommended disposition of this case.

PJG

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B. Analysis**

The court concludes the Second Amended Complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because the State of South Carolina and Judge Cothran are immune from Plaintiff's suit for damages pursuant to 42 U.S.C. § 1983. The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[3] Therefore, Plaintiff's claims against the State of South Carolina and Judge Cothran, an arm of the State in his official capacity, are barred by the Eleventh Amendment.

Furthermore, Judge Cothran is shielded by judicial immunity. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. See Mireles

---

[3] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

PJG

v. Waco, 502 U.S. 9, 11 (1991) (providing that judges are entitled to absolute immunity from suit, not just the ultimate assessment of damages, for judicial actions taken within their jurisdiction); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356–57 (1978). Because judicial immunity is a protection from suit, not just from ultimate assessment of damages, Mireless, 502 U.S. at 11, Plaintiff's claims against Judge Cothran in this matter would be barred.

Finally, to the extent Plaintiff asks this court to review the propriety of the state circuit court judgment or Judge Cothran's rulings, such relief is barred by the Rooker-Feldman doctrine. See generally Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("Under the Rooker–Feldman doctrine, lower federal courts may not consider either issues actually presented to and decided by a state court or constitutional claims that are inextricably intertwined with questions ruled upon by a state court.") (internal citations and quotations omitted); see also Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) ("Under the Rooker–Feldman doctrine, a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court. We regard the doctrine as jurisdictional.").

## III. Conclusion

Accordingly, the court recommends that this matter be summarily dismissed with prejudice and without issuance and service of process. See See McLean v. United States, 566 F.3d 391, 400-01 (4th Cir. 2009) (providing that dismissal of a *pro se* litigant's claim with prejudice is appropriate

PJG

where the claim is substantively meritless and cannot be cured by amendment of the complaint); see also Workman v. Morrison Healthcare, 724 F. App'x 280, 281 (4th Cir. 2018) (in a case where the district court had already afforded the plaintiff an opportunity to amend, directing the district court on remand to "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order") (citing Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 630 (4th Cir. 2015)).

April 9, 2019  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).