

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CHARLIE L. JONES, § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 3:18-2618-MGL |
| § | |
| THE STATE OF SOUTH CAROLINA, § | |
| Defendant. § | |
| § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLANTIFF'S AMENDED COMPLAINT**

Plaintiff Charlie L. Jones (Jones), proceeding pro se, filed this action seeking damages against the State of South Carolina under 42 U.S.C. § 1983. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Jones's Second Amended Complaint be dismissed with prejudice and without issuance and service of process. In addition to the Report, the Magistrate Judge also ordered Jones's motions to amend and for joinder be terminated as moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 9, 2019. Jones filed his Objections to the Report (Objections) on April 22, 2019. The Court has reviewed the objections but holds them to be without merit. It will therefore enter judgment accordingly.

First, Jones complains the Magistrate Judge erred in using the term "unidentified defendants," to describe the defendants in Jones's South Carolina Circuit Court case. Jones argues he identified those defendants in previous submissions to the Court.

The Court recognizes Jones identified Certain Interested Underwriters at Lloyd's of London; Tapco Underwriters, Inc.; Creech, Roddey & Watson; and Crawford and Company, Inc. as defendants in his South Carolina Circuit Court case. Regardless, this fact has no bearing on the Magistrate Judge's recommended disposition of this case. Therefore, the Court will overrule this objection.

In Jones's second objection, he disagrees with the Magistrate Judge's suggestion Plaintiff's claims against Judge Cothran, as an arm of the State in his official capacity, are barred by the Eleventh Amendment. Jones's second objection incorrectly states the law.

The Magistrate Judge's discussion of sovereign immunity under the Eleventh Amendment is correct. Further, Jones's argument claiming sovereign immunity is inapplicable to Judge Cothran—an arm of the State when acting in his official capacity—is mistaken. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding suits against state officials in their official capacity should be treated as suits against the State). Likewise, the Court will overrule this objection.

Jones's third objection disagrees with the Magistrate Judge's conclusion Judge Cothran is shielded by judicial immunity. The Court is unconvinced by Jones's argument asserting Judge

Cothran's actions were administrative, legislative, or executive and therefore undeserving of absolute judicial immunity.

Judge Cothran's decision to grant summary judgment is a quintessential judicial action and, as such, is entitled to absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (holding judges are entitled to absolute immunity from suit for judicial actions taken within their jurisdiction). Jones spends several pages discussing qualified immunity; however, qualified immunity is inapplicable in this case. The Magistrate Judge's discussion of absolute immunity was correct and Jones's claims against Judge Cothran are thus barred. Consequently, the Court will overrule this objection as well.

In Jones's fourth and final objection, he argues the Magistrate Judge erred in recommending this matter be summarily dismissed with prejudice, and without leave to file an amended complaint. The Court is unpersuaded by Jones's argument "that this action can be cured by an AMENDMENT [sic] COMPLAINT."

A pro se litigant's claim should be dismissed with prejudice when the claim is substantively meritless and cannot be cured by an Amended Complaint. *McLean v. United States*, 566 F.3d 391, 400-01 (4th Cir. 2009). Jones argues his Motion to Amend to Conform to the Evidence, in which he reiterated his cause of action arises under 28 U.S.C. § 1983, and his Motion for Joiner of Persons Needed for Just Adjudication, where he sought to add Judge Cothran as a defendant to this action, prove an Amended Complaint is required. This is incorrect as neither motion would create an actionable claim due to the doctrines of sovereign and judicial immunity. Thus, the Court will also overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Jones's objections, adopts the Report, and incorporates it

herein.  Therefore, it is the judgment of the Court Jones's amended complaint is **DISMISSED WITH PREJUDICE** and without issuance and service of process.  Accordingly, the pending motions to expedite, for a ruling, and to strike are necessarily **RENDERED MOOT**.

**IT IS SO ORDERED.**

Signed this 18th day of September 2019 in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.